**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 6, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

ARNOLDO NAVARETTE,

    Petitioner - Appellant,

v.

VINCENT HORTON, Warden of the
Guadalupe County Correctional Facility;
HECTOR BALDERAS, JR., Attorney
General for the State of New Mexico,

    Respondents - Appellees.

No. 22-2127
(D.C. No. 1:21-CV-00379-MV-JFR)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **McHUGH**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

This matter is before the court on Arnoldo Navarette's counseled request for a

certificate of appealability ("COA").  Navarette seeks a COA so he can appeal the district

court's with-prejudice dismissal, on timeliness grounds, of his 28 U.S.C. § 2254 petition.

*See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from an,

inter alia, final order denying a § 2254 petition unless the petitioner first obtains

a COA); *id.* § 2244(d)(1) (setting out a one-year statute of limitations on § 2254

petitions running from "the date on which the judgment became final by the

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

conclusion of direct review or the expiration of the time for seeking such review"). Because Navarette has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

A New Mexico state jury found Navarette guilty of (1) premeditated first-degree murder and (2) aggravated battery with a deadly weapon. *State v. Navarette*, No. S-1-SC-35528, 2018 WL 3470593, at *1 (N.M. July 19, 2018). After the state courts denied his request for post-conviction relief, Navarette filed the instant § 2254 petition. Navarette's counseled petition can most accurately be described as skeletal. In response, New Mexico argued Navarette's petition was untimely because it was filed more than nine months after the expiration of the limitations period set out in § 2244(d)(1). App. at 31-34.[1] The matter was referred to a magistrate judge for initial proceedings. *See* 28 U.S.C. § 636(b)(1)(B). In a well-reasoned report and recommendation, the magistrate judge recommended that the district court grant New Mexico's motion to dismiss. App. at 54-58. The magistrate judge concluded Navarette's petition was clearly untimely and Navarette was not entitled to equitable tolling because he did not, inter alia, establish he diligently pursued his claims. *Id.*

---

[1]Although the magistrate judge's report and recommendation indicates Navarette filed a response to New Mexico's motion to dismiss, Navarette did not include that document in the appendix he filed in this court.

2

Navarette thereafter filed two documents. The first was a request for the district court to dismiss his petition without prejudice because he was attempting to exhaust an aspect of his ineffective assistance claim in state court. App. at 64-67. The second included objections to the report and recommendation. App. at 68-74. In his objections, Navarette incorporated the arguments in his motion to dismiss without prejudice and asserted it would be inequitable to dismiss his petition as untimely. In a comprehensive order, the district court applied de novo review, adopted the report and recommendation, and dismissed Navarette's petition with prejudice as untimely. App. at 97-104.

The granting of a COA is a jurisdictional prerequisite to Navarette's appeal from the denial of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Navarette must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). When a district court dismisses a § 2254 petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). In evaluating whether Navarette has

3

satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338. Although Navarette need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted). As a further overlay on this standard, we review for abuse of discretion the district court's decision that Navarette is not entitled to have the limitations period in § 2244(d)(1) equitably tolled. *See Burger v. Scott*, 317 F.3d 1133, 1138, 1141 (10th Cir. 2003).

Having undertaken a review of Navarette's appellate filings, the magistrate judge's report and recommendation, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Navarette is not entitled to a COA.[2] The district court's resolution of Navarette's § 2254 petition is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. In particular, the district court did not abuse its discretion in

---

[2]Navarette's opening brief and request for a COA is, if at all, barely adequate. It contains a mere one paragraph of legal analysis, with no citations to the record, that responds only in the most tangential way to the district court decision. *But see* Fed. R. App. P.28(a)(8). Nevertheless, this court has examined the entire record, with the relevant standard in mind, in analyzing whether Navarette is entitled to a COA. That searching review leaves no doubt that Navarette has not made a substantial showing of the denial of a constitutional right and is not, therefore, entitled to a COA.

determining Navarette failed to demonstrate he was diligent in pursuing his remedies. Likewise, one cannot reasonably debate the correctness of the district court's conclusion that it is entirely proper to dismiss with prejudice an untimely § 2254 petition even if the petitioner is seeking to further litigate his untimely federal claims in state court. 28 U.S.C. § 2254(b)(2) (providing that it is proper to deny on the merits unexhausted claims). Accordingly, this court **DENIES** Navarette's request for a COA and **DISMISSES** this appeal.

Entered for the Court

Michael R. Murphy
Circuit Judge